# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0258V
UNPUBLISHED

| | |
|---|---|
| DIVYA PODURI, Natural Parent and Guardian of Y.T., a Minor,<br><br>   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>   Respondent. | Chief Special Master Corcoran<br><br>Filed: June 8, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Rotavirus Vaccine; Intussusception |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On March 6, 2020, Divya Poduri, natural parent and guardian of Y.T., a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Y.T. suffered an intussusception resulting from the rotavirus vaccination received on November 21, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 11, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for intussusception. On June 6, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $3,015.00 for past unreimbursable expenses and an amount sufficient to purchase the annuity contract

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

described in section I(B) of the Proffer. Proffer at 2-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

**A. A lump sum payment of $3,015.00 for past unreimbursable expenses, in the form of a check payable to Petitioner, Divya Poduri; and**

**B. An amount sufficient to purchase the annuity contract described in section I(B) of the Proffer.**

These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| Y.T., a minor, by and through his parent and natural guardian DIVYA PODURI,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 20-258V (ECF)<br>Chief Special Master Corcoran |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 6, 2020, Divya Poduri ("petitioner") filed a petition for compensation on behalf of her minor son, Y.T., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The petition alleges that Y.T. suffered intussusception as a result of a rotavirus vaccine administered on November 21, 2017, when he was 4 months old. Petition at 1, 5. On August 7, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for an intussusception Table injury, and, on August 11, 2020, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 18; ECF No. 19.

**I.    Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

A.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her minor son's vaccine-related injury.  Respondent proffers that petitioner should be awarded a lump sum in the amount of $3,015.00 for past unreimbursable expenses. *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

B.     Pain and Suffering

For pain and suffering, *see* 42 U.S.C. §300aa-15(a)(4), respondent proffers an amount sufficient to purchase an annuity contract,[1] paid to the life insurance company[2] from which the annuity will be purchased,[3] subject to the conditions described below.  The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will provide payments to Y.T.[4] as set forth below:

- A certain lump sum of $191,055.54, payable on July 14, 2038.  Should Y.T. predecease the lump sum payment set forth above, said payment shall be made to his estate.  Written notice to the Secretary of Health and Human Services and to

---

[1] At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[2] The life insurance company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The life insurance company must have one of the following ratings from two of the following rating organizations:
    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA; or
    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[3] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[4] At the time payment is received, Y.T. will be an adult, and thus guardianship is not required.

the life insurance company shall be provided within twenty (20) days of Y.T.'s death.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Summary of Recommended Payments Following Judgment

A. Lump sum for past unreimburseable expenses, payable to petitioner, Divya Poduri:

$3,015.00

B. An amount sufficient to purchase the annuity contract described above in section I(B).

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

Sarah B. Rifkin
SARAH B. RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Email: sarah.rifkin@usdoj.gov

DATED: June 6, 2021